| | |
|---|---|
| MAXCIME CAGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN LAKE, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01710-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WANTS TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

　　　Maxcime Cagan ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on December 19, 2019. (ECF No. 1).

　　　The Court has reviewed the complaint, and, for the reasons described in this order, finds that Plaintiff has not stated any cognizable claims. Plaintiff now has options as to how to move forward. Plaintiff may file an amended complaint if he believes that additional facts would state claim(s). Alternatively, Plaintiff may file a statement with the Court that he wants to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

///
///
///

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows in his complaint:

Plaintiff alleges that his medical records show he has poor esophageal motility and severe acid reflux. A gastroenterologist ("G.I.") recommended that Plaintiff be sent to an outside specialist for medical treatment. The Facility Doctor at Atwater cancelled the consultation of a specialist without following Bureau of Prisons ("BOP") policy.

The new facility doctor eventually sent Plaintiff to a specialist. Plaintiff learned that he has a hernia in his stomach, and that it has been there for the past 2 years.

Plaintiff told Dr. Moore that food was becoming more difficult to swallow, and that he was having pain in his stomach. Yet, Dr. Moore refused to send Plaintiff to the G.I.

Plaintiff's medical history, treatment, medication, and services rendered to address his medical conditions will show that Plaintiff never received any medical care from August 8, 2017, until September 10, 2019.

Plaintiff now has a hernia that is not being addressed. He has terrible acid reflux from Dr. Moore discontinuing his medication.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### a. Eighth Amendment Claim Under Bivens

Plaintiff also asserts a claim for medical deliberate indifference against the United States, the Federal Bureau of Prisons, the Warden Steven Lake, and Dr. Thomas Moore.

Based on the case Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), courts have found that individuals may sue federal officials for constitutional violations under certain circumstances. A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing Schearz v. United States, 234 F.3d 428,

432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988).

The Court will analyze Plaintiff's complaint under the constitutional standards discussed below. However, even if this case proceeds past the screening stage, the Court is not precluding Defendants from arguing that there is no Bivens cause of action for the constitutional violations alleged in the complaint. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).

Plaintiff must allege facts linking each named defendant to the violation of his rights. Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–79.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)

Plaintiff's allegations fail to raise a constitutional claim. First of all, the United States and the Federal Bureau of Prisons are not proper defendants under these legal standards. Plaintiff can only sue for a violation of his constitutional rights by federal officials or agents— not the United States or an agency.

Additionally, Plaintiff has not made any allegations against Defendant Steven Lake, besides listing him as the warden. Liability may not be imposed on supervisory personnel under Bivens on the theory of *respondeat superior*. Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir. 1999), opinion amended on denial of reh'g, 208 F.3d 831 (9th Cir. 2000), 188 F.3d 1105, 1114 (9th Cir. 1999) (*respondeat superior* liability does not lie in either Bivens or section 1983 actions). Each defendant is only liable for his or her own misconduct, and Plaintiff must demonstrate that each defendant, through his or her own *individual actions*, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77.

Accordingly, Plaintiff has failed to state a claim against Defendant Steven Lake.

Turning to Defendant Moore, Plaintiff appears to allege that he cancelled a consultation with a specialist, and refused to send Plaintiff to a GI despite complaints that "food was becoming more difficult to swallow, and [Plaintiff] was having pain in [his] stomach." These allegations alone are not sufficient to establish a claim under the legal standards above. Assuming that Plaintiff had a serious medical need, these allegations do not establish that Defendant Moore was acting with deliberate indifference in failing to send Plaintiff to a specialist. Plaintiff does not allege what Dr. Moore said in declining to do so, or make any other allegation that would demonstrate that Dr. Moore knew of and disregarded an excessive risk to Plaintiff's health. At most, Plaintiff's facts, if true, might establish that Defendant Moore acted negligently, which does not state a claim for violation of Plaintiff's constitutional rights. O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988) ("A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*.").

If Plaintiff chooses to amend his complaint he should describe more fully what he told Defendant Moore about his medical issues, when he told Defendant Moore about his medical issues, and what Defendant's Moore's responses were, including what, if anything, Defendant Moore said or wrote in denying Plaintiff's request to see a specialist.

**b. Federal Tort Claims Act**

In his complaint, Plaintiff only asserted a constitutional claim. However, Plaintiff has made allegations that could give rise to a claim for medical negligence under the Federal Tort Claims Act. That Act has certain requirements before bringing such a claim. The Court provides some legal standards below, which Plaintiff may consider in deciding whether to file an amended complaint.

"[T]he district courts … have exclusive jurisdiction of civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the

United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The FTCA provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agency must comply with federal standards and regulations." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) (quoting Ducey v. United States, 713 F.2d 504, 516 (9th Cir.1983)). Thus, the federal government is not responsible for the negligence of the employees of other entities merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. See, e.g., Logue v. United States, 412 U.S. 521 (finding that the federal "marshal had no authority to control the activities of the sheriff's employees," and thus "the sheriff's employees were employees of a 'contractor with the United States,' and not … employees of a 'Federal Agency'").

The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994). The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'" United States v. Olson, 546 U.S. 43, 46 (2005) (emphasis removed) (quoting 28 U.S.C. § 2674). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[] must be found in California state tort law." Delta Sav. Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001) (citations and internal quotation marks omitted).

Administrative exhaustion is a required element of a claim under the FTCA. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (citation omitted).

28 U.S.C. § 2675(a), provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

This is a jurisdictional prerequisite to pursuing an FTCA claim in a district court. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (stating that a claimant under the Federal Tort Claims Act must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" Brady, 211 F.3d at 502 (quoting Jerves v. United States, 966 F.2d 517, 521 (9th Cir.1992)).

Exhaustion under the Prison Litigation Reform Act does not satisfy the requirement to exhaust under the FTCA. Compare 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedures) with 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons).

To state a tort claim for medical malpractice under California law, Plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4)

actual loss or damage resulting from the professional's negligence." Galvez v. Frields, 88 Cal.App.4th 1410, 1420 (2001).

If Plaintiff chooses to file an amended complaint and include a tort claim against the United States of America based on the medical negligence of Dr. Moore, he should allege facts, if any, that establish these elements and also explain whether he filed an administrative claim under the FTCA as described above.

## IV. CONCLUSION AND ORDER

For the reasons described in this order, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law as discussed above. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge recommending dismissal of the

action consistent with this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint, which the Court will screen in due course; or
   b. Notify the Court in writing that he wants to stand on his complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.
3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-1710-EPG; and
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **April 22, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE