1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXCIME CAGAN,<br><br>  Plaintiff,<br><br>v.<br><br>STEVEN LAKE, et al.,<br><br>  Defendants. | Case No. 1:19-cv-01710-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

19  Maxcime Cagan ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma*
20 *pauperis* in this action. Plaintiff filed the complaint commencing this action on December 19,
21 2019. (ECF No. 1).
22  The Court screened the complaint and found that it failed to state any cognizable
23 claims. (ECF No. 7). The Court provided Plaintiff with applicable legal standards, explained
24 why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file a First
25 Amended Complaint. (Id.). The Court also gave Plaintiff the option of standing on his
26 complaint, subject to the Court issuing findings and recommendations to a district judge
27 consistent with this order. (Id. at 10).
28  On May 1, 2020, Plaintiff filed a notice, notifying the Court that he wants to stand on

his complaint. (ECF No. 8).[1] Accordingly, for the reasons set forth below, the Court recommends that this action be dismissed for failure to state a claim.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a

---

[1] Plaintiff does state that "the only thing [he] would have like[d] to amend would have been naming [Doctor Moore] as the only defendant," but Plaintiff is "prepared to accept what happens as things stand right now." (ECF No. 8).

plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows in his complaint:

Plaintiff alleges that his medical records show he has poor esophageal motility and severe acid reflux. A gastroenterologist ("G.I.") recommended that Plaintiff be sent to an outside specialist for medical treatment. The Facility Doctor at Atwater cancelled the consultation of a specialist without following Bureau of Prisons ("BOP") policy.

The new facility doctor eventually sent Plaintiff to a specialist. Plaintiff learned that he has a hernia in his stomach, and that it has been there for the past 2 years.

Plaintiff told Dr. Moore that food was becoming more difficult to swallow, and that he was having pain in his stomach. Yet, Dr. Moore refused to send Plaintiff to the G.I.

Plaintiff's medical history, treatment, medication, and services rendered to address his medical conditions will show that Plaintiff never received any medical care from August 8, 2017, until September 10, 2019.

Plaintiff now has a hernia that is not being addressed. He has terrible acid reflux from Dr. Moore discontinuing his medication.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff asserts a claim for medical deliberate indifference against the United States, the Federal Bureau of Prisons, Warden Steven Lake, and Dr. Thomas Moore.

Based on the case Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), courts have found that individuals may sue federal officials for constitutional violations under certain circumstances. A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office

1 of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under *Bivens*, a
2 plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v.
3 Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing Schearz v. United States, 234 F.3d 428,
4 432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual
5 capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d
6 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal
7 official in order to state a colorable claim under *Bivens*." O'Neal v. Eu, 866 F.2d 314, 314 (9th
8 Cir. 1988).
9       The Court will analyze Plaintiff's complaint under the constitutional standards
10 discussed below. However, even if this case proceeds past the screening stage, the Court is not
11 precluding Defendants from arguing that there is no Bivens cause of action for the
12 constitutional violations alleged in the complaint. See Ziglar v. Abbasi, 137 S. Ct. 1843
13 (2017).
14       Plaintiff must allege facts linking each named defendant to the violation of his rights.
15 Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir.
16 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297
17 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible
18 claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility
19 standard. Iqbal, 556 U.S. at 678–79.
20       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
21 inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d
22 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires
23 Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a
24 prisoner's condition could result in further significant injury or the unnecessary and wanton
25 infliction of pain,'" and (2) that "the defendant's response to the need was deliberately
26 indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation
27 and internal quotations marks omitted), overruled on other grounds by WMX Technologies v.
28 Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)

Plaintiff's allegations fail to raise a constitutional claim.  First of all, the United States and the Federal Bureau of Prisons are not proper defendants under these legal standards. Plaintiff can only sue for a violation of his constitutional rights by federal officials or agents—not the United States or an agency.

Additionally, Plaintiff has not made any allegations against Defendant Steven Lake, besides listing him as the warden.  Liability may not be imposed on supervisory personnel under Bivens on the theory of *respondeat superior*. Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir. 1999), opinion amended on denial of reh'g, 208 F.3d 831 (9th Cir. 2000), 188 F.3d 1105, 1114 (9th Cir. 1999) (*respondeat superior* liability does not lie in

either Bivens or section 1983 actions). Each defendant is only liable for his or her own misconduct, and Plaintiff must demonstrate that each defendant, through his or her own *individual actions*, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77. Accordingly, Plaintiff has failed to state a claim against Defendant Steven Lake.

Turning to Defendant Moore, Plaintiff appears to allege that he cancelled a consultation with a specialist, and refused to send Plaintiff to a GI despite complaints that "food was becoming more difficult to swallow, and [Plaintiff] was having pain in [his] stomach." These allegations alone are not sufficient to establish a claim under the legal standards above. Assuming that Plaintiff had a serious medical need, these allegations do not establish that Defendant Moore was acting with deliberate indifference in failing to send Plaintiff to a specialist. Plaintiff does not allege what Defendant Moore said in declining to do so, or make any other allegation that would demonstrate that Defendant Moore knew of and disregarded an excessive risk to Plaintiff's health. At most, Plaintiff's facts, if true, might establish that Defendant Moore acted negligently, which does not state a claim for violation of Plaintiff's constitutional rights. O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988) ("A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*."). Accordingly, Plaintiff has failed to state a claim against Defendant Moore.

## IV.   CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. The Court provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file a First Amended Complaint, but Plaintiff chose to stand his complaint.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff

may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

     Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **May 5, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE