UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXCIME CAGAN,<br><br>          Plaintiff,<br><br>     v.<br><br>STEVEN LAKE, et al.,<br><br>          Defendants. | No. 1:19-cv-01710-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION AND DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE AND CLOSE CASE<br><br>(Doc. Nos. 1 & 10) |

Maxcime Cagan ("plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 5, 2020, the assigned magistrate judge entered findings and recommendations, recommending that "[t]his action be dismissed for failure to state a claim" and that "[t]he Clerk of Court be directed to close the case." (Doc. No. 10 at 6.)

Plaintiff was provided an opportunity to file objections to the findings and recommendations. The deadline to file objections has passed, and plaintiff has not filed objections or otherwise responded to the findings and recommendations. However, it appears that plaintiff included objections in his May 1, 2020 response (Doc. No. 8) to the magistrate judge's April 23, 2020 screening order (Doc. No. 7).

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Of particular note, while plaintiff has identified concerns regarding the standard of care defendant Dr. Moore provided in connection with plaintiff's gastrointestinal issues, plaintiff has failed to allege in his complaint sufficient factual detail to state a claim for deliberate indifference. Such a claim requires that a defendant be subjectively aware of an excessive risk to plaintiff's health. Plaintiff alleges that he informed Dr. Moore over a period of years that he was finding it increasingly difficult to eat and was experiencing abdominal pain; despite this, plaintiff alleges he "never received any medical care." (Doc. No. 1 at 3.) As the magistrate judge reasoned, while such allegations might make out a claim for medical negligence, these relatively generic allegations fail to state a claim for deliberate indifference. That plaintiff's condition later worsened is not determinative, because it does not suggest that Dr. Moore knew or had reason to know of the seriousness of plaintiff's symptoms at times when Dr. Moore was responsible for plaintiff's care. Plaintiff declined to allege any additional details—such as by explaining how often he saw Dr. Moore, how he described his symptoms to Dr. Moore, etc.—when he declined the opportunity offered to him to amend his complaint.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued on May 5, 2020, are ADOPTED IN FULL;
2. This action is dismissed for failure to state a claim; and
3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated:   **August 19, 2020**

UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28